## OLIVER H. EMERY *vs.* MOSES N. TWOMBLY.

Where the subscribing witnesses to an instrument *reside without the limits of the State*, although within thirty miles of the place of trial, it is not necessary to produce their testimony to prove the instrument.

THIS was a writ of entry. To make out his title, the demandant offered a deed of the land demanded, and introduced a witness who testified, that the subscribing witnesses to the deed resided in *Somersworth*, in the State of *New-Hampshire*, near the line of *Maine*, and within thirty miles of the place of trial, and were frequently within the county of *York*; that he was well acquainted with the handwriting of the subscribing witnesses and of the grantor, having seen them write, and believed the signatures to the deed to have been made by them respectively. This testimony was objected to by the tenant, but admitted by EMERY J. presiding. The deed was acknowledged and recorded, and was produced by the demandant, but there was no testimony introduced to show its delivery. It was objected that a delivery of the deed could be only proved by the subscribing witnesses. This objection was overruled. The verdict was for the demandant, and the tenant filed exceptions.

*N. D. Appleton* and *Jordan*, for the tenant, contended, that there was no sufficient cause for dispensing with the testimony of the subscribing witnesses. By reasonable diligence it might have been had. Their depositions might have been taken, or they might have been summoned to attend Court, when within the State. They were necessary to prove the delivery. *Whittemore v. Brooks,* 1 *Greenl.* 57, and cases there cited; 5 *Cranch,* 13; 4 *Johns. R.* 461; 7 *T. R.* 265; *Maynard v. Maynard,* 10 *Mass. R.* 456.

*N. Wells* argued, that due diligence to procure the testimony of subscribing witnesses was only necessary when the witnesses were within the State. Where the witnesses reside without the limits of the State, the handwriting may be proved. It is immaterial whether the witness is one mile beyond the line, or one thousand. It is enough, that they are out of the jurisdiction. *Dudley v. Sumner,* 5 *Mass. R.* 462; *Homer v. Wallis,* 11 *Mass. R.* 309;

*Russell* v. *Coffin,* 8 *Pick.* 143 ; *Whitaker* v. *Salisbury,* 15 *Pick.* 534 ; *Whittemore* v. *Brooks,* 1 *Greenl.* 57 ; *Hewes* v. *Wiswell,* 8 *Greenl.* 94 ; *Montgomery* v. *Dorion,* 7 *N. H. Rep.* 475 ; 11 *Johns. R.* 64 ; 3 *Carr. & P.* 555 ; 1 *Moody & M.* 176 ; 7 *T. R.* 265 ; 1 *Phil. Ev.* 362 ; 1 *Stark. Ev.* 327 ; 12 *Johns. R.* 188.

Possession and production of the deed is sufficient evidence of a delivery. *Whitaker* v. *Salisbury,* before cited.

BY THE COURT. — The authorities cited for the plaintiff, establish the point, that where the subscribing witnesses to an instrument are out of the jurisdiction of the Court, their testimony may be dispensed with. Such being the fact here, the evidence adduced by the plaintiff was legally admissible.

*Judgment on the verdict.*